UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINODH RAGHUBIR,

                        Petitioner,

-against-

UNITED STATES OF AMERICA, *et al.*,

                        Respondents.

20-CV-1586 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

       Petitioner is currently incarcerated at the Taylor Correctional Institution, a state prison in Perry, Florida. On February 20, 2020, the Court received his *pro se* petition for a writ of *habeas corpus*, filed pursuant to 28 U.S.C. § 2241.[1] For the following reasons, the Court transfers this petition to the United States District Court for the Northern District of Florida.

       In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, jurisdiction to consider a *habeas corpus* petition challenging a petitioner's physical confinement generally lies in the district of the petitioner's confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

      Petitioner is currently in state custody at the Taylor Correctional Institution, which is located in Taylor County, in the judicial district of the United States District Court for the Northern District of Florida. *See* 28 U.S.C. § 89(a). Therefore, in the interest of justice, this

---

[1] On February 19, 2020, Petitioner filed in the United States District Court for the Eastern District of New York a *habeas corpus* petition under 28 U.S.C. § 2254, challenging his Orange County conviction. *See Raghubir v. United States*, No. 20-CV-952 (E.D.N.Y. Feb. 24, 2020) (transferring petition to the United States District Court for the Middle District of Florida).

Court transfers this petition to the United States District Court for the Northern District of Florida.[2] *See* 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Northern District of Florida. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[3] This order closes this case. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 3, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] A review of Public Access to Court Electronic Records (PACER) shows that Petitioner has filed multiple *habeas corpus* petitions in federal courts in Florida, all of which have been dismissed without prejudice for failing to comply with court orders. *See*, *e.g.*, *Raghubir v. United States*, No. 20-CV-39 (M.D. Fla. Feb. 3, 2020) (dismissing action without prejudice because Petitioner failed to submit a completed petition, and because he failed to either pay the filing fee or submit an application for leave to proceed *in forma pauperis* (IFP)); *Raghubir v. Warden*, No. 19-CV-2061 (M.D. Fla. Jan. 24, 2020) (same).

[3] Petitioner did not pay the $5.00 filing fee or submit an IFP application with this petition.